UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAHAM LEBOVITZ,<br><br>Plaintiff,<br><br>vs.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 3:24-cv-00399-MAS-RLS<br><br>**FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND THIRD-PARTY COMPLAINT OF DEFENDANT AMGUARD INSURANCE COMPANY** |
| AMGUARD INSURANCE COMPANY,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>FINANCE OF AMERICA MTG LLC ISAOA/ATIMA, C/O LOANCARE, LLC,<br><br>Third-Party Defendant. | |

Defendant AmGUARD Insurance Company (hereinafter referred to as "AmGUARD"), by its undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, by way of Answer to Plaintiff's Complaint herein, states and answers as follows:

### PARTIES AND JURISDICTION

1. AmGUARD admits, for jurisdictional purposes only, the allegations contained in Paragraph 1 of the Complaint. AmGUARD otherwise denies knowledge or information sufficient to form a belief as to the truth of those allegations.

2. AmGUARD denies the allegations contained in Paragraph 2 of the Complaint, except admits that it is a company organized and existing under the laws of the State of Nebraska, with its principal place of business in Wilkes-Barre, Pennsylvania.

3. AmGUARD denies the allegations contained in Paragraph 3 of the Complaint, except admits that it is licensed to issue policies of insurance in the State of New Jersey, including Policy No. AVHO308404, which was, subject to the counterclaim remedy sought by AmGUARD herein, issued by AmGUARD to Plaintiff, with a policy term of April 29, 2022 to April 29, 2023 (the "Policy").

4. AmGUARD admits the allegations contained in Paragraph 4 of the Complaint.

**VENUE**

5. AmGUARD denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, except admits that, subject to its terms, conditions, limitations, and exclusions, and the counterclaim remedy sought by AmGUARD herein, the Policy provided insurance coverage to the "residence premises" located at 363 Lanes Pond Road, Howell, New Jersey 07731-8649 (the "Property").

**BACKGROUND FACTS AND PLAINTIFF'S CAUSE OF ACTION FOR
BREACH OF CONTRACT AGAINST THE DEFENDANT**

6. AmGUARD denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. AmGUARD admits that, subject to its terms, conditions, limitations and exclusions, and the counterclaim remedy sought by AmGUARD herein, the Policy provided insurance coverage to the "residence premises" located at 363 Lanes Pond Road, Howell, New Jersey 07731-8649. AmGUARD respectfully refers to the Court to the Policy, which, being a document in writing, speaks for itself.

8. AmGUARD admits the allegations contained Paragraph 8 of the Complaint.

9. AmGUARD denies the allegations contained in Paragraph 9 of the Complaint, except admits that, subject to its terms, conditions, limitations and exclusions, and the counterclaim

remedy sought by AmGUARD herein, the Policy provided insurance coverage to the "residence premises" located at 363 Lanes Pond Road, Howell, New Jersey 07731-8649. AmGUARD respectfully refers to the Court to the Policy, which, being a document in writing, speaks for itself.

10. AmGUARD denies the allegations contained in Paragraph 10 of the Complaint. AmGUARD respectfully refers to the Court to the Policy, which, being a document in writing, speaks for itself.

11. AmGUARD denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. AmGUARD denies the allegations contained in Paragraph 12 of the Complaint, expect admits that on or about January 25, 2023, Plaintiff or his representatives reported to AmGUARD that the residence premises suffered damage resulting from a fire that had occurred on January 23, 2023. AmGUARD further admits the Policy was in effect on January 23, 2023.

13. AmGUARD denies the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff submitted a claim for coverage under the Policy for the damage to the residence premises caused by the fire which reportedly occurred on January 23, 2023.

14. AmGUARD denies the allegations contained in Paragraph 14 of the Complaint, except admits that the Plaintiff's claim was assigned claim number AVHO308404-001-001-001.

15. AmGUARD denies the allegations contained in Paragraph 15 of the Complaint, except admits that subject to its terms, conditions, limitations and exclusions, and further subject to the counterclaim remedy sought by AmGUARD herein, the Policy provided insurance coverage for direct physical loss or damage to the residence premises during the policy term. AmGUARD respectfully refers the Court to the Policy, which, being a document in writing, speaks for itself.

16. AmGUARD denies the allegations contained in Paragraph 16 of the Complaint.

17. AmGUARD denies the allegations contained in Paragraph 17 of the Complaint.

18. AmGUARD admits that by letter dated August 7, 2023, AmGUARD disclaimed coverage for Plaintiff's alleged loss (the "Disclaimer Letter"). AmGUARD respectfully refers the Court to the Disclaimer Letter, which, being a document in writing, speaks for itself.

19. AmGUARD denies the allegations contained in Paragraph 19 of the Complaint.

20. AmGUARD denies the allegations contained in Paragraph 20 of the Complaint.

21. AmGUARD denies the allegations contained in Paragraph 21 of the Complaint.

22. AmGUARD denies the allegations contained in Paragraph 22 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against AmGUARD upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

1. The Policy's HOMEOWNER 3 – SPECIAL FORM (HO 00 03 05 11) contains in pertinent part, the following Conditions:

> **R. Concealment Or Fraud**
>
> We provide coverage to no "insureds" under this policy if, whether before or after a loss, an "insured" has:
>
> 1. Intentionally concealed or misrepresented any material fact or circumstance;
>
> 2. Engaged in fraudulent conduct; or
>
> 3. Made false statements;
>
> relating to this insurance.

2. In obtaining the Policy, an application was provided to AmGUARD on behalf of Plaintiff, in which it was represented that the Property would be: "primarily used for private residential purposes"; that it would be occupied by "1 family"; and, would be "Owner Occupied."

4

3. The Policy's HOMEOWNERS POLICY DECLARATIONS (HO DEC SSC 11 18) contains a "Recap of Underlying Policy Information Provided to Us" corresponding to the application that was provided to AmGUARD, and states: "Your coverage with us has been written based on the following information provided by you either directly or through your authorized representative[.]"

4. The HOMEOWNERS POLICY DECLARATIONS's "Recap of Underlying Policy Information Provided to Us" provides that: the "Type of Occupancy" is "Owner Occupied"; the "Number of Families Accommodated" is "1"; and, the Property will be "Primarily used for residential purposes."

5. AmGUARD's investigation of the Claim revealed that Plaintiff was utilizing the Property as a community center and as lodgings.

6. Plaintiff concealed and/or misrepresented his intent to utilize the Property as a community center and as lodgings at the time Plaintiff obtained the Policy.

7. Plaintiff also made material false statements regarding Plaintiff's use of the Property in connection with AmGUARD's investigation of Plaintiff's Claim.

8. Plaintiff's concealment and/or misrepresentation of his intent to utilize the Property as a community center and as lodgings, as well as the material false statements made by Plaintiff regarding his use of the Property violated the Conditions imposed by the HOMEOWNER 3 – SPECIAL FORM's "Concealment or Fraud" provision. Accordingly, the Policy is void and therefore does not provide coverage for Plaintiff's claim in this action.

## THIRD AFFIRMATIVE DEFENSE

AmGUARD has breached no contractual, common law or statutory duties owed to Plaintiff.

5

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that it is determined that any coverage exists under the Policy for Plaintiff's claims in this action, which AmGUARD denies, any such coverage would be subject to any and all deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, Loss Settlement, co-insurance and "other insurance" provisions as stated in the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or diminished to the extent that any of the claims in the Complaint were the result of Plaintiff's failure to exercise reasonable care and diligence to mitigate Plaintiff's alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Coverage for the claim asserted by Plaintiff is barred, in whole or part, to the extent Plaintiff have breached their duties and obligations to AmGUARD by failing to satisfy, comply with, or adhere to all of the terms, provisions, and conditions of the Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint does not describe Plaintiff's claims with sufficient particularity to allow AmGUARD to determine such other defenses that it may have in response to Plaintiff's claims and/or causes of action. AmGUARD therefore reserves the right to assert any and all defenses (policy-based and otherwise) which may be pertinent to Plaintiff's claims once the precise nature of the claims is ascertained.

**EIGHTH AFFIRMATIVE DEFENSE**

AmGUARD reserves all of their rights and defenses under the Policy and further reserves its right to amend the Answer or supplement their Affirmative Defenses in accordance with any additional information developed over the course of discovery or otherwise in this litigation.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff rely upon, attempt to interpret or otherwise refer to any particular document(s) identified or described, in part or in whole, within the Complaint, said document(s) speaks for itself, and, accordingly, AmGUARD relies upon the entire document(s) to set forth the terms, conditions and contents of the document(s).

**WHEREFORE**, Defendant AmGUARD Insurance Company hereby demands judgment by this Honorable Court as follows:

(a) Dismissing Plaintiff's Complaint against AmGUARD Insurance Company with prejudice;

(b) Awarding AmGUARD Insurance Company its costs and disbursements; and

(c) Granting AmGUARD Insurance Company such other and further relief as this Court shall deem just and proper.

**COUNTERCLAIM**

Defendant AmGUARD Insurance Company, by way of Counterclaim against Plaintiff Avraham Lebovitz, states as follows:

**FIRST COUNT AGAINST PLAINTIFF**

**(RESCISSION - EQUITABLE FRAUD)**

1. In applying for the Policy, Plaintiff represented to AmGUARD that the residence premises located at 363 Lanes Pond Road, Howell, New Jersey 07731-8649 (the "Property") would be owner occupied and that the Property would accommodate a single family.

2. Plaintiff intended to utilize the Property as a community center and as lodgings at the time he applied for the Policy.

3. Plaintiff misrepresented his intended use of the Property as a community center and

as lodgings at the time he obtained the Policy.

4.  The aforesaid representation was material to AmGUARD writing the coverage as it did.

5.  The Policy was issued for the premium charged in reliance upon the accuracy and completeness of the information provided by Plaintiff to AmGUARD during the procurement and underwriting process.

6.  AmGUARD would not have issued the Policy if it had known the true circumstances and characteristics of Plaintiff's use of the Property as a community center and lodgings.

7.  AmGUARD detrimentally relied on Plaintiff's misrepresentation in issuing the Policy to Plaintiff.

**WHEREFORE**, Defendant AmGUARD Insurance Company hereby demands judgment ruling that the Policy is void *ab initio* on the basis of equitable fraud and rescinding same.

## THIRD-PARTY COMPLAINT

Defendant/Third-Party Plaintiff AmGUARD Insurance Company, by way of Third-Party Complaint against Third-Party Defendant Finance of America MTG LLC ISAOA/ATIMA, C/O LoanCare, LLC ("Finance of America"), states:

## PRELIMINARY STATEMENT

1.  This is a declaratory judgment action, brought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine and declare the rights of Finance of America under the AmGUARD Policy in light of AmGUARD's defenses and affirmative claim for rescission set forth herein.

2. Finance of America is a person having a potential interest that may be affected by the defenses and affirmative relief sought by AmGUARD due to its status as mortgagee of the subject "residence premises".

3. A real and justiciable controversy exists between the parties hereto as to the entitlement of coverage under the AmGUARD Policy given Finance of America's claimed interest in the real property as issue.

## THE PARTIES

4. Plaintiff AmGUARD Insurance Company is corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal office and place of business located at 39 Public Square, Wilkes-Barre, Pennsylvania 18703. AmGUARD is licensed to, and does, engage in the business of insurance in the State of New Jersey.

5. Finance of America is a Delaware limited liability company with its principal place of business at 1, West Elm Street, Conshohocken, Pennsylvania 19428.

## JURISDICTION AND VENUE

6. The citizenship of limited liability companies is determined according to the citizenship of its members or partners. GBForefront, L.P. v. Forefront Management Group, LLC, 888 F.3d 29, 34 (3d Cir 2018). Third Party Defendant Finance of America is a limited liability company, and thus its citizenship is determined according to the citizenship of each of their respective partners or members.

7. "When a business entity consists of constituent parts that are also business forms, the inquiry into jurisdictional citizenship 'can become quite complicated. … [T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" Id. at 37 (quoting Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105

9

n.16 (3d Cir. 2015)).

8. As a result, the Third Circuit has determined that a party can sufficiently plead diversity by pleading, upon information and belief, that an unincorporated association adverse party does not have the same citizenship as the pleading party, as opposed to pleading the specific citizenship of an adverse party, after conducting a "reasonable inquiry" in support thereof, given the limits of publicly available information. Lincoln Benefit Life, 800 F.3d at 107-08.

9. AmGUARD conducted a reasonable inquiry into the citizenship of Finance of America. AmGUARD alleges, upon information and belief, after conducting a reasonable inquiry based on publicly available information, that no partner and/or member of Finance of America is a citizen of the State of New Jersey, the State of Nebraska or the Commonwealth of Pennsylvania.

10. This Court has subject matter jurisdiction over this litigation pursuant to 28 U.S.C § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs. Alternatively, this Court has supplemental jurisdiction over this litigation pursuant to 28 U.S.C § 1367 because the basis for the claim against Finance of America arises from the present action over which this Court has independent subject matter jurisdiction pursuant to 28 U.S.C § 1332.

11. The Court has personal jurisdiction over this matter pursuant to 28 U.S.C. § 1446 because Finance of America has conducted business and/or has caused effects within the State of Jersey with respect to the subject matter hereof.

12. Venue is laid within this jurisdiction pursuant to 28 U.S.C. § 1391(b)(1) because the events giving rise to the causes of action took place in the District of New Jersey.

**FACTUAL BACKGROUND**

13. AmGUARD issued Policy No. AVHO308404, with a policy term of April 29, 2022

10

to April 29, 2023 (the "Policy"), to Avraham Lebovitz ("Underlying Plaintiff").

14. Upon information and belief, Finance of America is Underlying Plaintiff's mortgagee for the Property.

15. On or about January 25, 2023, Underlying Plaintiff or his representatives reported to AmGUARD that the residence premises suffered damage resulting from a fire that had occurred on January 23, 2023, while the Policy was in effect.

16. By letter dated August 7, 2023, AmGUARD disclaimed coverage for Underlying Plaintiff's alleged loss on the basis that Underlying Plaintiff had made material false statements or misrepresentations in connection with Underlying Plaintiff's application of insurance and during AmGUARD's investigation of the claim.

## FIRST COUNT AGAINST THIRD-PARTY DEFENDANT

### (Declaratory Judgment)

17. In applying for the Policy, Underlying Plaintiff represented to AmGUARD that the residence premises located at 363 Lanes Pond Road, Howell, New Jersey 07731-8649 (the "Property") would be owner occupied and that the Property would accommodate a single family.

18. Underlying Plaintiff intended to utilize the Property as a community center and as lodgings at the time he applied for the Policy.

19. Underlying Plaintiff misrepresented his intended use of the Property as a community center and as lodgings at the time he obtained the Policy.

20. The aforesaid representation was material to AmGUARD writing the coverage as it did.

21. The Policy was issued for the premium charged in reliance upon the accuracy and completeness of the information provided by Plaintiff to AmGUARD during the procurement and

underwriting process.

22. AmGUARD would not have issued the Policy if it had known the true circumstances and characteristics of Underlying Plaintiff's use of the Property as a community center and lodgings.

23. AmGUARD detrimentally relied on Underlying Plaintiff's misrepresentation in issuing the Policy to Plaintiff.

24. The Policy issued by AmGUARD to Underlying Plaintiff, contained a "Mortgage Clause" in the Policy's **HOMEOWNERS 3 – SPECIAL FORM** (Form HO 00 03 05 11), which provided in pertinent part:

> **SECTION I – CONDITIONS**
>
> \*     \*     \*
>
> **L. Mortgage Clause**
>
> 1. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.
>
> 2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:
>
>     **a.** Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
>
>     **b.** Pays any premium due under this policy on demand if you have neglected to pay the premium; and
>
>     **c.** Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs **F.** Appraisal, **H.** Suit Against Us and **J.** Loss Payment under Section **I** – Conditions also apply to the mortgagee.

    **3.** If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

    **4.** If we pay the mortgagee for any loss and deny payment to you:

        **a.** We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

        **b.** At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

*   *   *

25. Finance of America is identified in the Policy's Declarations (Form HO DEC-A SSC 11 18) as the sole "Mortgagee(s)/Lienholder(s)".

26. AmGUARD's denial of coverage to Underlying Plaintiff and AmGUARD's Counterclaim against Underlying Plaintiff for rescission of the Policy affects Finance of America's right to recover Policy proceeds, as mortgagee, for the fire loss which occurred at the Property on January 23, 2023.

27. While a denial of a claim does not apply to a valid claim of a mortgagee under certain circumstances, a rescission constitutes the abrogation of the contract *ab initio*, such that it is considered "null from the beginning" and treated as if it does not exist for any purpose. <u>First Am. Title Ins. Co. v. Lawson</u>, 177 N.J. 125, 137 (2003).

28. Accordingly, an actual, present, and justiciable controversy has arisen between the parties concerning to whom proceeds under the Policy should be paid in relation to fire loss which occurred at the Property on January 23, 2023.

    **WHEREFORE**, Defendant/Third-Party Plaintiff AmGUARD Insurance Company hereby prays for the following relief:

(a) Judgment from this Court declaring and adjudging that Finance of America's interest in the AmGUARD Policy is extinguished by virtue of the rescission thereof, such remedy having rendered the contract null and void *ab initio*;

(b) In the alternative, judgment from this Court declaring and adjudging that Finance of America, as mortgagee, is the sole entity entitled to proceeds under the Policy in relation to fire loss which occurred at the Property on January 23, 2023 in light of the material misrepresentations of Plaintiff in the procurement of the AmGUARD Policy; and

(c) Such other legal or equitable relief as the Court deems appropriate.

Dated: May 22, 2024              **FINAZZO COSSOLINI O'LEARY**
                                 **MEOLA & HAGER, LLC**

                                 By: */s/ Brandon L. Sipple*
                                     BRANDON L. SIPPLE, ESQ.
                                     MATTHEW L. BODI, ESQ.
                                     67 East Park Place, Suite 901
                                     Morristown, New Jersey 07960
                                     (973) 343-4960
                                     brandon.sipple@finazzolaw.com
                                     matthew.bodi@finazzolaw.com
                                     *Attorneys for Defendant/Third-Party Plaintiff*
                                     *AmGUARD Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May 2024, a copy of Defendant/Third-Party Plaintiff AmGUARD Insurance Company's Amended Answer and Affirmative Defenses to Plaintiff's Complaint, Third-Party Complaint, and this Certificate of Service was filed with the Clerk of the United States District Court for the District of New Jersey via ECF, and a copy was also served via electronic filing upon the following known counsel of record for Plaintiff:

Robert T. Trautmann, Esq.
**LERNER, ARNOLD & WINSTON, LLP**
286 Fifth Avenue, 12th Floor & Penthouse
New York, New York 10001
(212) 686-4655
rtrautmann@lawpartnersllp.com
*Attorneys for Plaintiff*

                                                          */s/ Brandon L. Sipple*
                                                          BRANDON L. SIPPLE, ESQ.