**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AVRAHAM LEBOVITZ,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant/Third Party Plaintiff,<br><br>v.<br><br>FINANCE OF AMERICA MTG LLC ISAOA/ATIMA, C/O LOANCARE, LLC.<br><br>Third-Party Defendant. | Case No.:  24-cv-399<br><br>**ANSWER TO**<br>**THIRD-PARTY COMPLAINT**<br>**WITH COUNTERCLAIM** |

Newrez LLC dba Shellpoint Mortgage Servicing, as servicer and attorney in fact for U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust ("Third-Party Defendant"), as successor in interest to Finance of America MTG LLC ISAOA/ATIMA c/o Loancare, LLC ("Finance of America"),[1] by its undersigned counsel, hereby answers the third-party complaint ("Third-Party Complaint") filed by defendant/third-party plaintiff, AmGUARD Insurance Company ("AmGUARD") as follows:

---

[1] The Third-Party Complaint lists Finance of America and "Its Successors and/or Assigns, As Their Interests May Appear (ISAOA/ATIMA)." Third-Party Defendant has advised Plaintiff that it is the successor in interest to Finance of America, and requested that Plaintiff amend the caption accordingly.

## PRELIMINARY STATEMENT

1. With regard to the allegations in paragraph 1, the referenced statute and rules speak for themselves, and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 1, and therefore denies the same.

2. With regard to the allegations in paragraph 2, Third-Party Defendant admits that U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust, by and through its duly authorized loan servicer Newrez LLC dba Shellpoint Mortgage Servicing is the successor to Finance of America under the applicable insurance policy, and has an interest as mortgagee of the property under said policy. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 2, and therefore denies the same.

3. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 3 of the Third-Party Complaint and therefore denies the same.

## THE PARTIES

4. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 4 of the Third-Party Complaint and therefore denies the same.

5. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the Third-Party Complaint and therefore denies the same.

**JURSIDICTION AND VENUE**

6. With regard to the allegations in paragraph 6, the referenced case speaks for itself and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 6 and therefore denies the same.

7. With regard to the allegations in paragraph 7, the referenced case speaks for itself and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 7 and therefore denies the same.

8. With regard to the allegations in paragraph 8, the referenced case speaks for itself and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 8 and therefore denies the same.

9. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Third-Party Complaint and therefore denies the same.

10. Third-Party Defendant admits this Court has subject matter jurisdiction, and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 and therefore denies the same.

11. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Third-Party Complaint and therefore denies the same

12. Third-Party Defendant admits that venue is proper, and Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 12 and therefore denies the same.

## FACTUAL BACKGROUND

13. Third-Party Defendant admits the allegations set forth in Paragraph 13 of the Third-Party Complaint.

14. With regard to the allegations in paragraph 14, Third-Party Defendant admits that Newrez LLC dba Shellpoint Mortgage Servicing, as servicer and attorney in fact for U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust is the successor to Finance of America and mortgagee under the applicable insurance policy. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations set forth in Paragraph 14 and therefore denies the same.

15. Third-Party Defendant admits the allegations set forth in Paragraph 15 of the Third-Party Complaint.

16. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Third-Party Complaint and therefore denies the same.

## FIRST COUNT AGAINST THIRD-PARTY DEFENDANT
### (Declaratory Judgment)

17. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Third-Party Complaint and therefore denies the same.

18. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Third-Party Complaint and therefore denies the same.

19. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Third-Party Complaint and therefore denies the same.

20. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of the Third-Party Complaint and therefore denies the same.

21. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of the Third-Party Complaint and therefore denies the same.

22. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of the Third-Party Complaint and therefore denies the same.

23. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of the Third-Party Complaint and therefore denies the same.

24. Third-Party Defendant admits the allegations set forth in Paragraph 24 of the Third-Party Complaint.

25. Third-Party Defendant admits that Finance of America and its successors and assigns as their interests may appear was identified in the Policy and that Newrez LLC dba Shellpoint Mortgage Servicing, as servicer and attorney in fact for U.S. Bank Trust Company,

National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust is the successor and insured mortgagee under the applicable insurance policy.

26. Third-Party Defendant denies the allegations set forth in Paragraph 26 of the Third-Party Complaint.

27. With regard to the allegations in paragraph 27 of the Third-Party Complaint, the referenced case speaks for itself, and Third-Party Defendant denies any other allegations set forth in Paragraph 27.

28. With regard to the allegations in paragraph 28 of the Third-Party Complaint, Third-Party Defendant admits that claims have arisen and should be paid to Third-Party Defendant as mortgagee under the Policy, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore denies the same.

## PRAYER FOR RELIEF

Third-Party Defendant denies that AmGUARD is entitled to the requests in its prayer for relief, including paragraphs (a) - (c) of the Third-Party Complaint.

Third-Party Defendant denies any other allegations in the Third-Party Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES OF THIRD-PARTY DEFENDANT

1. The Third-Party Complaint fails to state a claim upon which relief can be granted against Third-Party Defendant.

2. AmGUARD's claims against Third-Party Defendant are barred by the doctrine of waiver.

3. AmGUARD's claims against Third-Party Defendant are barred by the doctrine of estoppel.

4. AmGUARD's claims against Third-Party Defendant are barred by its prior or anticipatory breach.

5. AmGUARD's claims against Third-Party Defendant are barred by its own breach of the covenant of good faith and fair dealing, or its own bad faith.

6. AmGUARD's claims against Third-Party Defendant fail to allege with sufficient specificity or particularity any fraud or misconduct by Third-Party Defendant, or its predecessors, as the mortgagee(s) under the applicable insurance policy.

7. AmGUARD's claims against Third-Party Defendant are barred by its own knowing and/or intentional conduct, or the conduct of other parties hereto or third-parties, for which conduct Third-Party Defendant is not responsible.

8. AmGUARD's claims are barred by its failure to mitigate damages.

9. Third-Party Defendant asserts it may be entitled to an offset or setoff against any amounts lawfully owed or due as between the parties, based on the amounts owed to Third-Party Defendant under its mortgage lien against the insured property.

10. AmGUARD's claims are barred, in whole or in part, by the acts or omissions of its own employees, representatives and/or agents, including but not limited to in issuing the subject insurance Policy.

11. AmGUARD's claims are barred or limited by its voluntary assumption of a known risk.

12. AmGUARD's claims are barred by the doctrine of laches.

13. AmGUARD's claims are barred by the doctrines of consent, ratification, payment, release, and/or acquiescence.

14. The actions, conduct and/or breaches complained of by AmGUARD were not proximately caused by Third-Party Defendant or any predecessor mortgagee, but were the proximate result of an intervening or superseding cause, actions or circumstances that Third-Party Defendant did not reasonably foresee and for which Third-Party Defendant is not responsible.

15. Third-Party Defendant reserves the right to add additional affirmative defenses as they become known through discovery or otherwise.

## COUNTERCLAIMS

Third-Party Defendants and Counterclaimants, Newrez LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), as servicer and attorney in fact for U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust ("the Trust") (collectively "Counterclaimants"), as the successor(s) in interest to Finance of America MTG LLC ISAOA/ATIMA c/o Loancare, LLC ("Finance of America"), by their undersigned counsel, respectfully assert the following Counterclaim against defendant and third-party plaintiff, AmGUARD Insurance Company ("AmGUARD"):

## GENERAL ALLEGATIONS

1. On or about April 29, 2022, AmGUARD issued an insurance policy (the "Policy") insuring against certain losses or damage to the property located at 363 Lanes Pond Road, Howell New Jersey 07731 (the "Property").

2. Upon information and belief, the Policy is identified as Policy No. AVHO308404.

3. A named insured under the Policy is Avraham Lebovitz ("Mr. Lebovitz").

4. Mr. Lebovitz obtained a mortgage loan and granted a Mortgage on the Property in the original principal amount of $1,099,000.00 to Mortgage Electronic Registration Systems, Inc. as nominee for Finance of America Mortgage LLC and its successors and assigns, said Mortgage dated April 28, 2022 and recorded on May 19, 2022 at Instrument No. 2022054629 in the records of Monmouth County, New Jersey (the "Mortgage").

5. The Policy insures Finance of America Mtg LLC and Its Successors and/or Assigns, As Their Interests May Appear (ISAOA/ATIMA), c/o LoanCare [the servicer] as mortgagee.

6. The Policy was issued and became effective on April 29, 2022, and coverage remained in effect under the Policy through and including at least April 29, 2023.

7. The Trust is the current owner and/or holder of the note and mortgage loan secured by the Mortgage.

8. Shellpoint is the current servicer of the mortgage loan secured by the Mortgage.

9. The Mortgage has not been released or discharged, and the indebtedness owed under the note and secured by said Mortgage has not been fully repaid, and remains due and owing.

10. On or about January 23, 2023, there was a loss at the Property caused by a fire.

11. The Policy insured against such losses caused by fire.

12. AmGUARD was timely notified of a claim under the Policy, for the damages and loss resulting from the fire.

13. The Policy contains a "Mortgagee clause" that provides insurance coverage to Counterclaimants as the mortgagee under the Policy, separate from and in addition to insurance coverage, if any, available to Mr. Lebovitz.

14. Notwithstanding the loss that occurred as a result of the fire, AmGUARD has improperly denied any coverage to the mortgagee under the Policy, and improperly seeks to avoid or rescind its insurance coverage to the mortgagee.

15. The Policy defines Mr. Lebovitz as an "Insured," and separately defines the rights and coverages for mortgagee. However AmGuard AmGUARD has unlawfully failed or refused to pay the amounts due and owing to Counterclaimants as an insured mortgagee under the Policy, in breach of the Policy terms.

16. Based on, among other things, the separate definitions of an "Insured" and mortgagee under the Policy, AmGUARD's denial or refusal to pay Counterclaimants as mortgagee, and request to rescind the Policy as to the mortgagee, is not in good faith.

**FIRST COUNTERCLAIM**
**Breach of Insurance Contract -- Against Third-Party Plaintiff AmGUARD**

17. Counterclaimants incorporate the allegations contained in paragraphs 1-16 of the Countercliam above, as if fully set forth herein.

18. A valid and binding contract for insurance coverage under the Policy exists as between AmGUARD, and Counterclaimants as the mortgagee under said Policy.

19. AmGUARD breached the insurance Policy by, among other things, failure to properly investigate the claim(s), failure or refusal to pay or reimburse losses to the mortgagee under the Policy, and attempting to deny or rescind coverage to the mortgagee under the Policy for the fire that occurred on the Property.

20. Counterclaimants and/or their predecessors in interest under the Mortgage have detrimentally relied upon the existence and issuance of the Policy by AmGUARD.

21. AmGUARD's breach of the Policy and its obligations as an insurer of the Property has caused damages to Counterclaimants.

WHEREFORE, Counterclaimants Newrez LLC dba Shellpoint Mortgage Servicing, as servicer and as attorney in fact for U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust, request a judgment against AmGUARD in an amount to be proven at trial including for all losses suffered as a result of the fire, an award of their reasonable attorneys' fees and costs, and such additional relief as the Court deems just and proper.

Dated: July 12, 2024

                         KNUCKLES & MANFRO, LLP.

                         By: s/ John E. Brigandi
                              JOHN E. BRIGANDI

                         600 E. Crescent Ave
                         Suite 201
                         Upper Saddle River, NJ 07458
                         (201) 391-0370
                         *jeb@kkmllp.com*

                         Attorneys for Third-Party Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July, 2024, a true and correct copy of the foregoing **Answer to Third-Party Complaint** was filed and served with the Clerk of Court via electronic filing pursuant to the Procedures:

<u>*s/ John E. Brigandi*</u>