UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAHAM LEBOVITZ,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant.<br><br>AVRAHAM LEBOVITZ,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF GCAT 2023-NQM2 TRUST,<br><br>Third-Party Defendant. | Civil Action No. 24-399 (MAS) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION TO DEPOSIT FUNDS** |

SINGH, United States Magistrate Judge.

**PRESENTLY** before the Court is a Motion to Deposit Funds by Defendant/Third-Party Plaintiff AmGUARD Insurance Company ("AmGUARD"), seeking an order permitting it to deposit $1,446,700 with the Court pursuant to Federal Rule of Civil Procedure 67 and Local Civil Rule 67.1. (Doc. No. 44). No timely opposition to the Motion has been filed. The Court has fully considered the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, the Court GRANTS the Motion.

1

This action arises involves a dispute over coverage for a January 23, 2023 fire loss at the home of Plaintiff Avraham Lebovitz ("Plaintiff") located in Howell, New Jersey. (*See* Doc. No. 1-1). AmGUARD issued to Plaintiff Policy No. AVHO308404, with a policy term of April 29, 2022 to April 29, 2023 and policy limits of $1,446,700. (*See* Doc. No. 44-3). AmGUARD disclaimed coverage for the loss based on an alleged misrepresentations by Plaintiff. (*See* Doc. No. 1-1). AmGUARD filed a third-party complaint seeking declaratory judgment against Finance of America MTG LLC ISOAO/ATIMA, C/O LoanCare, LLC ("Finance of America") based on its status as mortgagee of the residence. (*See* Doc. No. 14). U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust (the "Trust") is the successor in interest to Finance of America and filed an Answer to the Third-Party Complaint, admitting that it is the mortgagee under the applicable policy. (*See* Doc. No. 22 at ¶ 14).

Through the instant Motion, AmGUARD asserts that Plaintiff and the Trust would not be entitled to any proceeds that exceed the policy limit. In light of that, AmGUARD argues that the sum sought to be deposited "represents the undisputed amount potentially owed under the Policy's dwelling coverage." (Doc. No. 44-1 at p. 8).

Rule 67 of the Federal Rules of Civil Procedure, permit a party, on notice and with leave of court, to deposit funds at issue in a pending matter. Fed. R. Civ. P. 67(a). In such instances, the Court holds the funds pending the Court's determination of how the funds should be distributed amongst the parties. *See Intimateco LLC v. Apparel Distribution, Inc.*, No. 23-1759, 2023 WL 7986336, at *5 (D.N.J. Nov. 17, 2023). Here, AmGUARD has proffered good cause for the depositing of the funds. Moreover, no party has opposed the Motion, although having had notice thereof.

2

Accordingly, for the reasons set forth above and other good cause shown,

**IT IS** on this **30th** day of **June 2025** hereby

**ORDERED** that AmGUARD's Motion to Deposit Funds with the Court is **GRANTED**; and it is further

**ORDERED** that AmGUARD shall deposit $1,446,700.00 into the Court Registry Investment System; and it is further

**ORDERED** that AmGUARD shall personally serve this Order on the Clerk of the Court, the Chief Deputy of Administration, Chief Deputy of Operations, or Finance Manager, pursuant to Local Civil Rule 67.1(a)(1); and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 44.

**SO ORDERED.**

_____
RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE