**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AVRAHAM LEBOVITZ,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Defendant.<br><br>AMGUARD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF GCAT 2023-0NQM2 TRUST,<br><br>Third-Party Defendant. | Civil Action No. 24-399 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Third-Party Defendant U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-NQM2 Trust, as successor in interest to Finance of America MTG LLC ISAOA/ATIMA c/o Loancare, LLC's ("U.S. Bank"), Motion for Summary Judgment. (ECF No. 49.) Defendant AmGuard Insurance Company ("AmGuard") and Plaintiff Avraham Lebovitz ("Lebovitz") opposed (ECF Nos. 52, 53-1), and U.S. Bank replied (ECF No. 55). The Court has

carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, U.S. Bank's Motion for Summary Judgment is granted.

## I.    BACKGROUND

The following facts are drawn from U.S. Bank's Statement of Material Facts ("SOF") (SOF, ECF No. 49-2), AmGuard's Response to the Statement of Material Facts ("RSOF") (RSOF, ECF No. 52-1), and Lebovitz's Counterstatement of Material Facts ("CSOF") (CSOF, ECF No. 53), and are undisputed by the parties unless otherwise noted.

### A.    Factual Background

Lebovitz purchased the property at issue (the "Property") "on or about April 28, 2022." (SOF ¶ 1; RSOF ¶ 1; CSOF ¶ 1.) In making the purchase, that same day, Lebovitz "obtained a mortgage (the 'Loan'), and executed a promissory note . . . payable to Finance of America Mortgage LLC" ("Finance America") in the "amount of $1,099,000 . . . ." (SOF ¶ 2; RSOF ¶ 2; CSOF ¶ 2.) The terms of the Loan required Lebovitz to obtain insurance coverage for the property and "such coverage shall cover Lender." (SOF ¶ 4; RSOF ¶ 4; CSOF ¶ 4.) Lebovitz obtained such an insurance policy from AmGuard (the "Policy"). (SOF ¶ 5; RSOF ¶ 5; CSOF ¶ 5.) "The Policy . . . insured the interests of the Mortgagee/Lienholder for the property, which was originally" Finance America. (SOF ¶ 6; RSOF ¶ 6; CSOF ¶ 6.) U.S. Bank, "as trustee on behalf of GCAT 2023-NQM2 Trust, is the successor in interest [to Finance America] . . . under the Policy." (SOF ¶ 7; RSOF ¶ 7; CSOF ¶ 7.) The Policy provides that "if [AmGuard] den[ies Lebovitz's] claim, that denial will not apply to a valid claim of the mortgagee." (SOF ¶ 21; RSOF ¶ 21; CSOF ¶ 21.) AmGuard received payment of all premiums due under the Policy. (SOF ¶ 8; RSOF ¶ 8; CSOF ¶ 8.)

On or about January 23, 2023, "a fire occurred at the Property which caused significant damage (the 'Loss')." (SOF ¶ 9; RSOF ¶ 9; CSOF ¶ 9.) Lebovitz reported the Loss to AmGuard and filed a claim under the Policy, which AmGuard denied on or about August 7, 2023. (SOF ¶¶ 11-12; RSOF ¶¶ 11-12; CSOF ¶¶ 11-12.) AmGuard denied the claim based on alleged "misrepresentations or false statements made by [] Lebovitz as to the single-family use and/or primary residence status of the Property by [] Lebovitz." (SOF ¶ 14; RSOF ¶ 14; CSOF ¶ 14.) "The Loan is due and presently owing in the amount of . . . $1,319,061.39.") SOF ¶ 22; RSOF ¶ 22; CSOF ¶ 22.)[1]

### B.      Procedural Background

Lebovitz brought this action in the Superior Court of New Jersey, Monmouth County, alleging breach of contract against AmGuard. (*See generally* Compl., ECF No. 1-1.) AmGuard removed the case to this Court. (Not. of Removal, ECF No. 1.) AmGuard thereafter filed a Third-Party Complaint against U.S. Bank seeking a declaratory judgment that: (1) U.S. Bank's interest in the Policy is extinguished by rescission based on Lebovitz's alleged misrepresentations; or (2) U.S. Bank is the sole entity entitled to proceeds under the Policy. (AmGuard's Answer, Counter Claim, and Third Party Compl., ECF No. 14; Stip. & Order to Amend. Cap., ECF No. 24.) U.S. Bank filed its Answer to the Third-Party Complaint and asserted a Counter Claim against AmGuard alleging Breach of Contract. (*See generally* U.S. Bank Answer and Counter Claim, ECF No. 22.) Pursuant to Federal Rule of Civil Procedure 67, AmGuard deposited $1,446,700.00— representing the "undisputed amount potentially owed under the Policy's dwelling coverage"— with the Court. (Mem. Op. 2, ECF No. 46; Clerk's Cert. of Cash Deposit, ECF No. 48.) U.S. Bank

---

[1] Lebovitz makes legal arguments that that U.S. Bank may only recover the unpaid principal of the Loan at the time of the loss. (CSOF ¶ 22.) Lebovitz, however, "acknowledges that U.S. Bank's records show a current total loan balance of approximately $1,319,061.39." (*Id.*)

3

filed the instant motion seeking summary judgment in its favor dismissing AmGuard's Third-Party Complaint and declaratory judgment that U.S. Bank was insured and entitled to be paid the full balance of its mortgage loan from the insurance proceeds deposited with the Court. (U.S. Bank's. Mot. for Summary J., ECF No. 49.) Defendant's Motion for Summary Judgment is now ripe for resolution.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a summary judgment motion, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson*, 477 U.S. at 247-48; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which the nonmoving party must rely to support its assertion that genuine disputes of material fact exist). If the

4

nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . 'there can be no genuine [dispute] of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

In deciding a summary judgment motion, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 249-250. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). The summary judgment standard, however, does not operate in a vacuum. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254.

## III.    **DISCUSSION**

U.S. Bank moves for summary judgment in its favor against AmGuard, and seeks a declaratory judgment that: (1) AmGuard issued the Policy; (2) U.S. Bank is the mortgagee under the Policy; (3) the rights of U.S. Bank as mortgagee are separate and distinct from those of Lebovitz; (4) there is no basis to deny or rescind coverage to U.S. Bank as mortgagee; (5) AmGuard breached its obligation to U.S. Bank by failing to provide coverage to U.S. Bank as mortgagee; and (6) U.S. Bank is entitled to payment for the full amount of the claim up to the amount owed under U.S. Bank's mortgage loan encumbering the Property. (*See generally* U.S. Bank's Moving Br., ECF No. 49-18.) U.S. Bank argues that: (1) it has an independent contract with AmGuard and it is entitled to judgment as a matter of law as to its enforcement; (2) the Policy

remains valid as to U.S. Bank despite any breach or misrepresentation by Lebovitz; (3) AmGuard breached the contract with U.S. Bank; and (4) it is entitled to disbursement of the insurance proceeds deposited with the Court. (*Id.* at 7-12.)

AmGuard argues that U.S. Bank's motion is premature because: (1) issues relating to U.S. Bank and Lebovitz's entitlement to payment under the Policy have not been decided; and (2) U.S. Bank has failed to establish the amount of its insurable interest under the Policy. (AmGuard Opp'n Br. 4-8, ECF No. 52.)

Lebovitz argues that "U.S. Bank is entitled to recover under the [P]olicy as an innocent mortgagee," but "its recovery is contractually and legally capped at its insurable interest in the [P]roperty," and "not the entire accrued loan payoff figure[.]" (Pl.'s Opp'n Br. 4, ECF No. 53-1.) Lebovitz further contends that: (1) the interpleaded insurance funds should remain in the Court's registry pending the resolution of the coverage dispute between Lebovitz and AmGuard; (2) a mortgagee may not recover insurance proceeds beyond the unpaid principal balance of the mortgage debt at the time of loss; and (3) he is entitled to any surplus insurance proceeds remaining after the mortgage principal is paid. (*Id.* at 4-12.)

It is undisputed that AmGuard issued the Policy and that U.S. Bank is the mortgagee under the Policy. (SOF ¶¶ 5-7; RSOF ¶¶ 5-7; CSOF ¶¶ 5-7.) The Court, accordingly, considers whether: (1) the rights of U.S. Bank as mortgagee are separate and distinct from those of Lebovitz; (2) there is a basis to deny or rescind coverage to U.S. Bank as mortgagee; (3) AmGuard breached its obligation to U.S. Bank by failing to provide coverage to U.S. Bank as mortgagee; and (4) U.S. Bank is entitled to payment for the full amount of the claim up to the amount owed under U.S. Bank's mortgage loan encumbering the Property. The Court first addresses whether U.S. Bank and AmGuard have an independent contractual relationship based on the mortgage clause in the Policy.

6

### A.     The Policy

U.S. Bank argues that it has an independent contract with AmGuard and it is therefore entitled to judgment as a matter of law as to its enforcement. (U.S. Bank's Moving Br. 7-8.) U.S. Bank is correct—a standard mortgage clause creates an independent contract of insurance for the benefit of the mortgagee. *See, e.g., Wilmington Sav. Fund Soc'y, FSB as Tr. of Stanwich Mortg. Loan Tr. A v. Otieno-Ngoje*, No. 16-5631, 2020 WL 747066, at *4 (D.N.J. Feb. 14, 2020) (explaining that "[t]he standard mortgage clause in the homeowner's insurance policy is an independent agreement between the insurer and the mortgagee that entitles the mortgagee to recover the insurance proceeds for damages to the insured's property" (alteration in original) (quoting *Liberty Mut. Fire Ins. Co. v. Alexander*, 864 A.2d 1127, 1134 (N.J. Super. Ct. App. Div. 2005)), *aff'd sub nom., Wilmington Sav. Fund Soc'y FSB v. Otieno-Ngoje*, No. 20-1459, 2021 WL 4429832 (3d Cir. Sep. 27, 2021). That contract exists regardless of any alleged misrepresentations Lebovitz may have made because pursuant to a standard mortgage clause, "a mortgagee may recover for damages to the insured property *regardless of any defenses* that the insurer may have against the named insured." *495 Corp. v. N.J. Ins. Underwriting Ass'n*, 430 A.2d 203, 205 (N.J. 1981) (emphasis added).

Here, there is no dispute that U.S. Bank and AmGuard have an independent contractual relationship based on the Policy's mortgage clause. (*See, e.g.*, SOF ¶¶ 20-21 (explaining that U.S. Bank is a separately insured party and quoting the relevant mortgage clause); RSOF ¶¶ 20-21 (not disputing that U.S. Bank is a separately insured party or that the quoted mortgage clause is accurate); CSOF ¶¶ 20-21 (admitting that U.S. Bank is a separately insured party and that the mortgage clause is accurate); *see also* AmGuard Opp'n Br. 5 (explaining that pursuant to the mortgage clause, "a valid denial as to the insured . . . will not apply to a valid claim by the

7

mortgagee"); Pl.'s Opp'n Br. 4 (acknowledging that "U.S. Bank is entitled to recover under the policy as an innocent mortgagee").) There is, accordingly, no dispute that: (1) U.S. Bank has an independent contractual relationship with AmGuard pursuant to the Policy; (2) there was no basis to deny or rescind coverage to U.S. Bank as mortgagee; (3) AmGuard breached its obligation to U.S. Bank by failing to provide coverage to U.S. Bank as mortgagee; and (4) U.S Bank is entitled to proceeds pursuant to the Policy regardless of AmGuard's defenses against Lebovitz. *495 Corp.*, 430 A.2d at 205; *Wilmington Sav. Fund*, 2020 WL 747066, at *4.[2]

The Court therefore grants summary judgment in U.S. Bank's favor as to U.S. Bank's Counterclaim against AmGuard and dismisses AmGuard's Third-Party Complaint against U.S. Bank with prejudice.

### B.    Funds that U.S. Bank is Entitled to

The Court next addresses the amount of funds that U.S. Bank is entitled to. U.S. Bank argues that it is entitled to the full balance of its mortgage loan from the insurance proceeds deposited with the Court. (U.S. Bank's Moving Br. 2, 11-12; U.S. Bank's Reply Br. 7-9, ECF No. 55.)[3] Lebovitz argues that the funds should remain in the Court's registry pending resolution of the coverage dispute between Lebovitz and AmGuard. (Pl.'s Opp'n Br. 4-6.) AmGuard argues that

---

[2] There is, accordingly, no genuine dispute as to U.S. Bank's breach of contract Counter Claim because: (1) a valid contract exists (SOF ¶ 6; RSOF ¶ 6; CSOF ¶ 6); (2) all premiums were paid (SOF ¶ 8; RSOF ¶ 8; CSOF ¶ 8); (3) AmGuard breached its contract by failing to pay the claim to U.S. Bank (SOF ¶¶ 11-12; RSOF ¶¶ 11-12; CSOF ¶¶ 11-12); and (4) U.S. Bank suffered resulting damages (SOF ¶ 2, 22; RSOF ¶ 2, 22; CSOF ¶ 2, 22). *Liberty Mut. Fire Ins. Co. v. Reade Mfg. Co.*, No. 22-3, 2023 WL 3597675, at *4 (D.N.J. May 23, 2023) (citing *Pollack v. Quick Quality Rests., Inc.*, 172 A.3d 568, 576 (N.J. Super. Ct. App. Div. 2017)).

[3] In the argument section of its moving brief, U.S. Bank submits that it is entitled to disbursement of $1,294,664.67. (U.S. Bank's Moving Br. 11-12.) In the fact section of its moving brief, its SOF, and reply brief, however, U.S. Bank contends that it is entitled to $1,319,061.39. (U.S. Bank's Moving Br. 5; SOF ¶ 22; U.S. Bank's Reply Br. 8.)

U.S. Bank has failed to establish the amount of its insurable interest under the Policy. (AmGuard Opp'n Br. 7-8.)

Lebovitz and AmGuard cite *495 Corp.*, for the proposition that U.S. Bank is only entitled to payment in the amount that was due at the time of loss. (Pl.'s Opp'n Br. 7 (citing *generally 495 Corp.*, 430 A.2d); AmGuard Opp'n Br. 7 (citing *495 Corp.*, 430 A.2d at 206).) Under New Jersey law, however, "a mortgagee has the right to apply fire insurance proceeds to the outstanding debt in the absence of any agreement to the contrary that provided the property owner with the right to use the fire insurance proceeds to rebuild or repair the damaged property." *Alexander*, 864 A.2d at 1132 (citing *Gen. G.M.C. Sales, Inc. v. Passarella*, 481 A.2d 307, 311 (N.J. Super. Ct. App. Div. 1984), *aff'd*, 499 A.2d (N.J. 1985)). *495 Corp.*, moreover, is distinguishable because in that case, the mortgagee had acquired title to the property through a deed-in-lieu of foreclosure before the property was damaged by the fire. 430 A.2d at 206-07. The court held that "a mortgagee acquiring title to property is entitled under the standard mortgage clause to receive insurance proceeds for the full amount of any loss occurring after it acquired title, subject only to the policy limit and the rights of superior mortgagees." *Id.* at 208. The court, notably, did not hold that a mortgage lender, who remained the lender, and did not acquire title to the property, could not recover the entire outstanding balance including interest within policy limits pursuant to a standard mortgage clause. *See id.* While the court held that the mortgagee's coverage depended on the extent of its interest in the property at the time of the loss, U.S. Bank's insurable interest here at the time of the loss was the entirety of the outstanding balance of the loan. *Id.* at 206.

At minimum, U.S. Bank's interest at the time of loss—which it is entitled to pursuant to the Policy's mortgage clause—was the principal of the mortgage loan (originally $1,099,000.00). (*See* SOF ¶ 2; RSOF ¶ 2; CSOF ¶ 2.) While AmGuard and Lebovitz argue that U.S. Bank can only

recover the amount due at the time of the loss, as discussed above, the case law cited by AmGuard and Lebovitz is distinguishable and does not state that U.S. Bank cannot recover the entire outstanding balance of the Loan including interest pursuant to the mortgage clause and limits under the Policy. (*See generally* AmGuard's Opp'n Br.; Pl.'s Opp'n Br.) The Court notes that as AmGuard points out in its opposition, U.S. Bank requested disbursement of $1,294,664.67 in its moving brief and $1,319,061.39 in its reply brief. (U.S. Bank's Moving Br. 11-12; U.S. Bank's Reply Br. 8.) While this discrepancy gives the Court pause, U.S. Bank listed the amount as $1,319,061.39 in the fact section of its moving brief (U.S. Bank's Moving Br. 5); its SOF (SOF ¶ 22), and its reply brief (U.S. Bank's Reply Br. 8). Paragraph twenty-two of the SOF also cites the declaration of Brittney Burdette, a representative of U.S. Bank's loan servicer, who declared that the amount due is $1,319,061.39 (Burdette Decl. ¶ 21, ECF No. 49-3); as well as a payoff letter showing that same amount (Ex. E to Burdette Decl., ECF No. 49-8).

This amount, moreover, was not factually disputed by AmGuard or Lebovitz. (SOF ¶ 22 ("The Loan is due and presently owing in the amount of . . . $1,319,061.39."); RSOF ¶ 22 ("Agree."); CSOF ¶ 22 ("Plaintiff acknowledges that U.S. Bank's records show a current total loan balance of approximately $1,319,061.39[.]") Additionally, neither AmGuard nor Lebovitz offer any evidentiary support to refute the amount of funds U.S. Bank contends it is owed. (*See generally* RSOF; CSOF); *see also Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) (explaining that the non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine [dispute] for trial"). This amount, additionally, is not factually disputed by the parties, and Lebovitz and AmGuard did not submit evidence or cite evidence to the contrary in their respective RSOF and CSOF. (*See* SOF

¶ 22; RSOF ¶ 22; CSOF ¶ 22.)[4] There is, accordingly, no genuine dispute regarding U.S. Bank's entitlement to disbursement of the funds in the amount of $1,319,061.39.[5]

## IV.    CONCLUSION

For the foregoing reasons, U.S. Bank's Motion for Summary Judgment is granted. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: MARCH 24th, 2026

---

[4] As addressed above, AmGuard and Lebovitz make legal arguments that U.S. Bank is only entitled to the principal of the Loan on the date of the Loss. (AmGuard Opp'n Br. 7-8; Pl.'s Opp'n Br. 7-12.) There is, however, no genuine dispute of fact as to the issue. (*See* SOF ¶ 22; RSOF ¶ 22; CSOF ¶ 22.)

[5] AmGuard also argues that U.S. Bank's motion is premature because the dispute between AmGuard and Lebovitz has not yet been resolved and AmGuard could be subject to double liability. (AmGuard Opp'n Br. 4-6.) Pursuant to the mortgage clause of the Policy, however, U.S. Bank is entitled to the insurance proceeds regardless of AmGuard's ongoing dispute with Lebovitz, *495 Corp*, 430 A.2d at 205, so U.S. Bank's motion is not premature. If Lebovitz ultimately prevails, AmGuard will not be subject to double liability because its liability is limited by the Policy's coverage limits. *See, e.g., Donovan v. State Farm Mut. Auto. Ins. Co.*, No. 19-2733, 2022 WL 473025, at *3 (3d Cir. Feb. 16, 2022) (finding that the insured could recover only up to the policy's coverage limit).