**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAHAM LEBOVITZ,<br><br>    Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>    Defendant.<br><br>AMGUARD INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE ON BEHALF OF GCAT 2023-0NQM2 TRUST,<br><br>    Third-Party Defendant. | Civil Action No. 24-399 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant/Third-Party Plaintiff AmGuard Insurance Company's ("AmGuard") Motion for Reconsideration of the Court's March 24, 2026, Memorandum Opinion and Order granting Summary Judgment in favor of Third-Party Defendant U.S. Bank Trust Company, National Association, not in its individual capacity but solely as trustee on behalf of GCAT 2023-0NQM2 Trust, as successor in interest to Finance of America MTG LLC

ISAOA/ATIMA c/o Loancare, LLC ("U.S. Bank") pursuant to Federal Rule of Civil Procedure[1] 60 and Local Civil Rule 7.1(i). (AmGuard's Mot. for Recons., ECF No. 67.) U.S. Bank opposed AmGuard's Motion. (U.S. Bank's Opp'n Br., ECF No. 71.) The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

The Court previously issued a Memorandum Opinion and Order granting U.S. Bank's Motion for Summary Judgment. (Mem. Op. 2-4, ECF No. 64; Am. Order, ECF No. 66.) The Court directs the parties to that Memorandum Opinion for a detailed recitation of the factual and procedural background of this case.

Rule 60 allows a court to provide litigants relief "from a final judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence[,]" *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005), as well as "inadvertence, surprise, or excusable neglect[,]" Fed. R. Civ. P. 60(b)(1). Rule 60 offers "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (citation omitted); *see also Kock v. Gov't of the V.I.*, 811 F.2d 240, 246 (3d Cir. 1987) (stating that Rule 60 "must be applied subject to the proposition that the finality of judgments is a sound principle that should not lightly be cast aside" (citation modified)). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (citation omitted). A motion under Rule 60(b) may not be granted

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

where the moving party could have raised the same legal argument by means of a direct appeal. *Id.* (quoting *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999)).

Moreover, although "the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party may raise a motion for reconsideration in three limited circumstances: (1) where an intervening change in controlling law has taken place; (2) where a party learns of new evidence that was unavailable before the court issued its opinion; or (3) where the court itself overlooked material facts or arguments that the parties had properly brought to its attention. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Motions for reconsideration are used sparingly to "correct manifest errors of law or fact or to present newly discovered evidence[,]" not to relitigate stale matters or raise new arguments. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is reviewed for an abuse of discretion. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). "[A]n abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (alteration in original) (citations omitted).

In support of its Motion for Reconsideration, AmGuard argues that this Court overlooked: (1) the explicit statement of law provided in the New Jersey Supreme Court's Decision in *495 Corp. v. New Jersey Insurance Underwriting Ass'n*, 430 A.2d 203 (N.J. 1981), which it contends controls the measurement of U.S. Bank's potential recovery under the insurance policy's mortgage

3

clause; and (2) the factual issue as to U.S. Bank's alleged failure to show the amount owed under the loan at the time of the loss. (Def.'s Moving Br. 2-9, ECF No. 67-1.)

Here, however, AmGuard's Motion fails because: (1) there are no "extraordinary justifying circumstances . . . present" to warrant relief from this Court's order; (2) there has been no intervening change in controlling law; (3) AmGuard has not discovered new evidence; and (4) the Court did not overlook material facts or arguments previously raised. *See Bohus*, 950 F.2d at 930; *N. River Ins. Co.*, 52 F.3d at 1218. The Court explicitly addressed the arguments that AmGuard makes in its motion in its previous Memorandum Opinion. (Mem. Op. 7-11 (explicitly analyzing AmGuard's arguments regarding *495 Corporation*, as it applies to the amount of U.S. Bank's potential recovery under the policy's mortgage clause and the undisputed facts related to the amount owed under the loan pursuant to the mortgage clause).) Accordingly,

IT IS, on this 28th day of July 2026, **ORDERED** as follows:

1.      AmGuard's Motion for Reconsideration (ECF No. 67) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

4